IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RUBEN PENA and MARTHA PENA,<br>     Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS and<br>BURT CHOJNOWSKI,<br>     Defendants. | §<br>§<br>§<br>§<br>§  CASE NO. 2:27-cv-241<br>§<br>§<br>§<br>§ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal.

### PROCEDURAL BACKGROUND

1.   Plaintiffs Ruben Pena and Martha Pena filed this action on May 4, 2017 against State Farm and Burt Chojnowski in the 105th Judicial District Court of Kleberg County, Texas. That case was docketed under cause number 17-226-D (the "State Court Action").

2.   State Farm was served with process on June 13, 2017.  Chojnowski was served with process on June 15, 2017.

3.   State Farm and Chojnowski timely filed their Original Answer on July 7, 2017.

4.   State Farm now timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 105th Judicial District Court of Kleberg County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.

### NATURE OF THE SUIT

5.   This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claims for damages allegedly sustained as the result of a May 31, 2016 wind and/or hailstorm. *See Plaintiffs' Original Petition* at ¶¶ 9-14. Plaintiffs asserts causes of

action against Defendant State Farm for breach of contract, breach of duty of good faith and fair dealing, and violation of Chapters 541 & 542 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *Id.* at ¶¶ 40-62.

6. Plaintiff asserts causes of action against Chojnowski for noncompliance with Chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *Id.* at ¶¶ 36-44. However, Chojnowski had no involvement in the handling of Plaintiffs' insurance claim. Chojnowski was improperly joined in the State Court Action in an attempt to avoid removal.

## BASIS FOR REMOVAL

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Burt Chojnowski should be disregarded because he has been improperly joined. Alternately, because Chojnowski is a citizen and resident of Iowa, his citizenship does not defeat diversity.

### *Diversity of Citizenship*

8. At the time the State Court Action was commenced, Plaintiffs were, and still are, residents and citizens of Texas. *See Plaintiffs' Original Petition* at ¶ 2.

9. Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am.*

*v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10. Plaintiffs improperly joined Chojnowski in an attempt to defeat diversity. For this reason, the citizenship of Chojnowski should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. *Salazar v. Allstate Texas Lloyds Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

11. Moreover, even if Defendant Chojnowski's citizenship should be considered, Defendant Chojnowski was and still is a resident and citizen of Iowa.

### *Mr. Chojnowski Has Been Improperly Joined*

12. Fraudulent joinder is established when a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

13. Defendant Chojnowski has been improperly joined because he had no involvement in State Farm's investigation and adjustment of Plaintiffs' claim to be considered a proper defendant.

14. Plaintiffs alleges in their petition that Chojnowski "inspected the property on June 9, 2016" and "failed to properly scope Plaintiffs' damages." *See Plaintiffs' Original Petition* at ¶¶ 16-17. However, Chojnowski was not the adjuster on Plaintiffs' claim, did not draft State Farm's estimate of damages, and has never stepped foot on Plaintiffs' property. Chojnowski's only role in Plaintiffs' claim was to issue replacement cost benefits after Plaintiffs submitted receipts showing they had completed repairs to the roof. Consequently, joinder of Chojnowski in

this case is improper and Plaintiffs' causes of action against him should be dismissed. *See, e.g.*, *Santoy v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 113230, *12, 2014 WL 4064025 (S.D. Tex. Aug. 14, 2014) (finding adjusters improperly joined, and stating "Plaintiffs cannot stretch [the law] to cover individuals who have not dealt directly with their claim.").

15. The residency of Defendant Burt Chojnowski should not be considered for purposes of diversity jurisdiction and Plaintiffs' claims against Defendant Chojnowski should be dismissed.

### *Amount in Controversy*

16. In his petition, Plaintiffs states they "are currently seeking monetary relief over $100,000.00 but not more than $200,000.00." As shown by Plaintiffs' Petition, the amount in controversy requirement is satisfied.

### REMOVAL IS PROCEDURALLY CORRECT

17. State Farm was served with process on June 13, 2017. Chojnowski was served with process on June 15, 2017.

18. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

19. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 1F).

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the 105th Judicial District Court of Kleberg County, Texas.

21. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Dan K. Worthington*

Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
**RAMÓN | WORTHINGTON**
900 Kerria
McAllen, Texas 78501
(956) 294-4800 – Phone
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON**
900 Kerria
McAllen, Texas 78501
(956) 294-4800 – Phone

-6-

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 13th day of July, 2017, as indicated below:

René M. Sigman
rmsdocketefile@mostynlaw.com
**MOSTYN LAW**
3810 West Alabama Street
Houston, Texas 77027
Tel.: (713) 714-0000
Fax: (713) 714-1111
**Attorney for Plaintiffs**

          /s/ *Dan K. Worthington*
Dan K. Worthington